Magassouba v. Garland

BIA
A078 430 196

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of May, two thousand twenty-one.

PRESENT:
> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

MOUSTAPHA MAGASSOUBA, AKA
MOUSTAPHA MAGESSOUBA, AKA DYIGBE
SANOJANA,
> *Petitioner*,

v.                                              19-489
                                                NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,*
> *Respondent.*

_____

FOR PETITIONER:            Moustapha Magassouba, pro se, New York, NY.

---

\* The Clerk of the Court is respectfully directed to amend the caption as set forth.

**FOR RESPONDENT:**    Joseph H. Hunt, Acting Assistant Attorney General; Emily Anne Radford, Assistant Director; Sarah K. Pergolizzi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Moustapha Magassouba, a native and citizen of Guinea, seeks review of a February 4, 2019, decision of the BIA reissuing its August 2018 denial of his motions to reopen and reconsider, and again denying reconsideration. *In re Moustapha Magassouba,* No. A 078 430 196 (B.I.A. Feb. 4, 2019). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The petition for review is timely only as to the BIA's denial of reopening and reconsideration, and we do not reach Magassouba's challenges to the underlying removal order and denial of relief. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 89–90 (2d Cir. 2001). We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion and review factual findings regarding country conditions for

2

substantial evidence.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008) (motion to reopen and country conditions findings); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006) (motion to reconsider).

**Reopening**

We find no abuse of discretion.  A motion to reopen must be filed within 90 days of the final removal order and must be based on new evidence that was not previously available. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c).  Magassouba's 2018 motion was untimely because his removal order was final in 2011.  Although the time limitation for filing a motion to reopen does not apply if reopening is sought to apply for asylum and the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii), Magassouba failed to establish any material change in Guinea because he did not submit any evidence of conditions in Guinea either at the time of his motion or at the time of his

3

underlying removal proceedings. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."). Absent an exception to the time limitation, the only basis for reopening was an exercise of the BIA's authority to reopen sua sponte, which is an "entirely discretionary" determination that we lack jurisdiction to review. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

**Reconsideration**

The BIA also did not abuse its discretion in denying reconsideration. A motion to reconsider "must be filed within 30 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(c)(2). Motions to reconsider must "specify[] the errors of fact or law in the prior Board decision." 8 C.F.R. § 1003.2(b)(1).

Similar to his request to reopen, Magassouba's 2018

4

motion to reconsider was untimely because his removal order was final in 2011. *See* 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(b)(2). To the extent Magassouba's motion to reissue also requested reconsideration of the denial of reopening, his arguments did not relate to the BIA's determination that his motion to reopen was untimely and he did not identify any grounds to excuse that prior untimely filing. He merely reiterated previous arguments that the BIA had rejected in the context of reopening, and therefore he did not identify an error of law or fact as is required for reconsideration. *See* 8 U.S.C. § 1229a(c)(6)(B); *Jin Ming Liu*, 439 F.3d at 111 ("The BIA does not abuse its discretion by denying a motion to reconsider where the motion repeats arguments that the BIA has previously rejected.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5